## Railroad Police.

*Railroad police—Powers—Where exercised—Act of Feb. 27, 1865.*

1. Policemen appointed under the Railroad Police Act of Feb. 27, 1865, P. L. 225, and similar acts, have all of the powers of policemen of the City of Philadelphia within the counties in which they are qualified to act.

2. Such powers may be exercised either on or off the property of the corporation upon whose application they have been appointed, but always and only within the counties in which their respective commissions have been recorded pursuant to law.

3. Such special policemen are not under the control of municipal or other authorities, and are not subject to the call of such authorities.

Department of Justice. Opinion to Major Lynn G. Adams, Superintendent, Pennsylvania State Police.

CAMPBELL, 1st Dep. Att'y-Gen., Feb. 24, 1926.—You have requested to be advised (1) as to the powers of special policemen appointed under the provisions of the Act of Feb. 27, 1865, P. L. 225, relative to the performance of police duty off of and away from the property of the corporation upon whose request such officer was appointed, including his right to perform such duties outside of the county or counties in which his commission is recorded; and (2) if such officer is subject to call from municipal and other authorities to perform police duties off and away from the property of such corporation.

The Act of Feb. 27, 1865, P. L. 225, authorizes the Governor, upon application of a railroad corporation, to appoint and commission the persons named in such applications as policemen to act as such for said corporation. The act provides that compensation for such services shall be paid by the petitioning corporation.

Section 3 of the act is as follows: "Every policeman, so appointed, shall, before entering upon the duties of his office, take and subscribe the oath required by the 8th article of the Constitution, before the recorder of any county through which the railroad, for which such policeman is appointed, shall be located; which oath, after being duly recorded by such recorder, shall be filed in the office of the Secretary of State, and a certified copy of such oath, made by the recorder of the proper county, shall be recorded, with the commission, in every county through or into which the railroad, for which such policeman is appointed, may run, and in which it is intended the said policeman shall act; and such policeman, so appointed, shall severally possess and exercise all the powers of policeman of the City of Philadelphia, in the several counties in which they shall be so authorized to act as aforesaid; and the keepers of jails or lock-ups or station-houses in any of said counties are required to receive all persons arrested by such policemen for the commission of any offence against the laws of this Commonwealth upon or along

said railroads, or the premises of any such corporation, to be dealt with according to law."

By supplements and amendments thereto the provisions of this act have been extended to certain other corporations.

1. It clearly appears that the purpose of this appointment is the protection of the property of the corporation which requests the appointment, but it also appears that the powers given these policemen are co-extensive with the powers of policemen of the City of Philadelphia, and that the only limitation upon the exercise of such powers is that they shall not extend beyond the county or counties within which the individual policeman has been qualified to act by the filing of his commission and a copy of his oath of office with the recorder of the county.

The case of Finfrock v. Northern Central Ry. Co., 58 Pa. Superior Ct. 52, involved the question of the liability of the defendant, a railroad policeman, to respond in damages for an unlawful arrest for an offence against the laws of the Commonwealth, alleged to have been committed on the railroad premises, where such policeman held no other position under the company, and where the arrest was not directed or instigated by any officer or employee of the company. In that case (page 59) the court quotes with approval from the case of Tucker v. Erie Ry. Co., 69 N. J. L. 19, construing a similar statute of New Jersey, inter alia, as follows: "It is plain, from a reading of the provisions of this statute, that, although these men were appointed on the application of the defendant company, received their compensation from it, and were subject to be divested of their powers by its act, they were, nevertheless, state officers, charged with the performance of public duties. They were, in law, police officers, constables, authorized to arrest persons guilty of criminal offences or breaches of the peace, not only in cases where the property of the company was involved, but in every case where the crime was committed or the peace broken within the boundaries of any of the counties through which the company's railroad ran. For the proper discharge of their official duties, as well as for the proper exercise of their official powers, they were responsible, not to the defendant company, but to the state. . . ."

The Superior Court in that case, on page 59, after reciting the fact that such policemen receive their appointment from the Governor, and are required to take and subscribe an oath to support the Constitution of the Commonwealth and perform the duties of the office with fidelity, says: "These considerations lead strongly to the conclusion that the policeman presumptively acts as a public officer and not as the servant or employee of the railroad company. It is true he may be both, as was Geiselman, and in such a case a different question may arise."

In an opinion of this department, rendered to the Governor under date of June 12, 1918, as reported in 28 Dist. R. 214, it is stated with reference to the special policemen appointed under the aforesaid act that it does "not create them police officers of the Commonwealth, but police officers for the several corporations asking for their appointment, conferring upon them like powers as are possessed by police officers of the Commonwealth."

You are, therefore, advised that the policemen appointed under the aforesaid Act of 1865 and similar acts have, during the continuance of their commissions, all of the powers of policemen of the City of Philadelphia within the counties in which they are qualified to act, which powers may be exercised either on or off the property of the corporation upon whose application they have been appointed, but always and only within the counties in which their respective commissions have been recorded pursuant to law.

Railroad Police.

2. These policemen, having accepted a commission from the Governor granting to them all the powers of policemen in Philadelphia, should be held to have accepted that commission subject to a liability for the performance of such duties, punishable for failure to perform the same. It must be remembered, however, that the paramount duty of such officers is the performance of police duty in connection with the property of the corporation upon whose application they have been appointed, and that they cannot be required to perform other independent police duty so as to interfere with the performance of these paramount duties.

You are, therefore, advised, in answer to your second inquiry, that the special policemen are not under the control of the municipal and other authorities, and are not subject to the call of such authorities, but that they have the same responsibility with reference to the enforcement of the law as have city policemen or constables in connection with violations which occur within their view.            From C. P. Addams, Harrisburg, Pa.